**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DONAL DORCINVIL,

Petitioner,

v.

LEONARD ODDO, et al.

Respondents.

3:26cv1608
ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT GRANTING IN PART AND DENYING IN PART DONAL DORCINVIL'S PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Donal Dorcinvil's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1).

## I. BACKGROUND

Petitioner asserts in his habeas petition, and Respondents do not dispute, that: (1) Petitioner is a native and citizen of Haiti; (2) Petitioner entered the United States on or about November 19, 2019, without inspection; (3) on or about October 23, 2020, Petitioner was taken into custody at an airport, initially placed into expedited removal proceedings, but then was released on his own recognizance pending removal proceedings being initiated; (4) on December 13, 2022, removal proceedings were initiated against Petitioner; (5) on December 5, 2023, the Immigration Court administratively closed Petitioner's removal case at Respondents' request because Petitioner had obtained temporary protected status ("TPS"); (6) on May 31, 2025, Respondents filed a Motion to Re-Calendar Petitioner's removal case, which was granted on June 12, 2025; (7) on June 10, 2026, Petitioner was notified by the Immigration Court that his case was ready for a final hearing and a hearing notice would be issued in the near future; (8) on

July 28, 2026, York Pennsylvania police initiated a traffic stop of the vehicle Petitioner was driving and notified Petitioner that they were detaining him until Respondents arrived to arrest and detain him; (9) Respondents arrived on scene, arrested, and detained Petitioner; and (10) Petitioner currently is detained at Moshannon Valley Processing Center.

Petitioner's habeas petition contains two (2) claims: (1) application of 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)") to Petitioner unlawfully mandates his continued detention and violates the Immigration and Nationality Act ("INA") (Count 1); and (2) Respondents' detention of Petitioner without a bond redetermination hearing to determine whether Petitioner is a flight risk or a danger to others violates Petitioner's right to due process under the Fifth Amendment (Count 2).

By way of relief, Petitioner's habeas petition seeks an Order that includes (1) directing Petitioner's immediate release from custody, or alternatively, ordering Respondents to schedule a bond hearing pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)") within fourteen (14) days; and (2) awarding Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA") and on any other basis justified under law.

On September 14, 2026, Respondents filed their response to Petitioner's habeas petition. (Doc. 7). In their response, Respondents stated:

> This habeas petition challenges the lawfulness of detaining without bond, under 8 U.S.C. § 1225(b)(2)(A), a noncitizen already in the United States who had entered without inspection. The Third Circuit Court of Appeals recently rejected the government's reading and application of § 1225(b) and concluded that such noncitizens may not be detained without a bond determination. *Buele Morocho v. Warden*, Nos. 26-1150 & 26-1454 (3d Cir. Aug. 28, 2026).
>
> Recognizing that this Court is now bound to apply the Third Circuit's decision in *Buele Morocho*, and although the Government disagrees with the outcome in *Buele Morocho*, the Respondents agree that it controls the instant case. As such, mandatory detention under § 1225(b)(2)(A) does not apply to Petitioner. Moreover, the Third Circuit having found that the petitioners' detention without bond hearings

> violated their procedural due process rights, "[t]he question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The government suggests that granting the habeas petition to the extent that it seeks a prompt individualized bond hearing under § 1226(a) in the immigration court would satisfy due process.

(*Id*. at 1-2).

Petitioner had until September 21, 2026, to file a reply brief. (Doc. 2). No reply brief was filed.

Thus, Petitioner's habeas petition has been fully briefed and is ripe for adjudication.

## II. DISCUSSION AND FINDINGS

First, for the reasons stated in this Court's Memorandum Order in *Rivera Juarez v. Oddo et al.*, Civ. No. 3:26-718 (W.D. Pa), *see* Doc. 10, and in the United States Court of Appeals for the Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026*)*, the Court finds that because Petitioner was detained in the interior of the United States more than five (5) years after Petitioner entered the United States without inspection, Petitioner's detention is governed by Section 1226(a), and not Section 1225(b), and thus, Petitioner is owed a bond hearing. *See Buele Morocho*, 2026 WL 2546223, at *5 ("The INA's broader statutory scheme also supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders.").

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make

arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) directing Petitioner's immediate release from custody; and (2) awarding Petitioner attorney's fees and costs under the EAJA or on any other basis justified under law.

More specifically, where, as here, Petitioner has been detained for less than two (2) months, Section 1226(a) and due process under the Fifth Amendment are satisfied by providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered, and does not require release from custody as requested by Petitioner. *See Pico Bano v. Mullen et al.*, Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico

Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo*, Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Moreover, given that: (1) Petitioner filed his habeas petition prior to the Court of Appeals for the Third Circuit issuing its decision in *Buele Morocho, supra.*, at a time when there was a split of authority amongst numerous other federal courts of appeal as to whether the detention of a petitioner similarly situated to Petitioner was governed by Section 1225(b) or Section 1226(a); and (2) in response to the *Buele Morocho, supra.* decision, Respondents only concede that Petitioner is entitled to a bond hearing, such that the appropriate remedy for Respondents' violation of Petitioner's rights under the INA and the Fifth Amendment's Due Process Clause still had to be adjudicated, the Court finds that Respondents' position was substantially justified in this case. Accordingly, no costs or attorney fees shall be awarded to Petitioner pursuant to the EAJA or on any other basis.

SO ORDERED this 22nd day of September, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record